**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DEMETRICE GOLDSBY, )
)
Petitioner, )
)
v. ) Case No. 4:11CV01268 AGF
)
STATE OF MISSOURI, )
)
Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Missouri state prisoner

Demetrice Goldsby for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent

argues that this Court lacks jurisdiction to consider the petition because it was filed after

Petitioner was released from custody, and Petitioner is not entitled to the benefit of the

prison mailbox rule. This Court rejects Respondent's argument and orders Respondent to

file a new response to the Court's Order to Show Cause why Petitioner should not be

granted federal habeas relief.

## BACKGROUND

On June 23, 2008, Petitioner was sentenced to five years' incarceration upon a

guilty plea to one count of first-degree child molestation. Petitioner was released from

custody on July 15, 2011. On July 18, 2011, the Court received Petitioner's pro se

unsigned habeas petition along with an unsigned motion for leave to proceed in forma

pauperis. The petition did not include a declaration of when it was placed in the prison

mail system. The envelope containing the unsigned petition is stamped with a statement that begins, "This correspondence is from an inmate in the custody of the Missouri Department of Corrections . . . ."

On July 27, 2011, the Court returned both documents to Petitioner, granting him 20 days to sign them and return them to the Court. On August 1, 2011, Petitioner did so. The signed petition included a declaration under penalty of perjury that the original unsigned petition had been placed in the prison mail system on July 14, 2011.

## DISCUSSION

In order for this Court to have jurisdiction to consider a habeas petition from a state prisoner, the petitioner must be "in custody" under the judgment challenged at the time the petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (quoting 28 U.S.C. § 2254(a)). As long as a habeas petitioner was "in custody," under the conviction and sentence challenged in his petition, when his case was filed, a federal court is not divested of jurisdiction by the petitioner's later release from custody. *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989).

Pursuant to the federal prison mailbox rule, a prisoner's pro se federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing to the court. *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc) (abrogated on other grounds). To benefit from the rule, a prisoner must file a sworn declaration recounting the date upon which he left his petition with prison authorities, *Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001), but this declaration need not accompany the petition and can be submitted later, *Grady v. United States*, 269 F.3d 913, 916-17 (8th Cir.

2001).    The petitioner bears the burden of proving his entitlement to the benefit of prison

mailbox rule.    *Porchia*, 251 F.3d at 1198.

Respondent argues that Petitioner is not entitled to the benefit of the prison

mailbox rule because the unsigned petition did not include a declaration as to its timeliness,

and because it is not entirely clear whether Petitioner placed the envelope, that was not

marked as legal mail, containing the unsigned petition and motion, in the prison mail

system or whether he mailed it after he was released.    Respondent submits the affidavit of

a prison mailroom employee attesting that the postage meter sticker appearing on the

envelope that contained the unsigned petition and motion may or may not have been placed

there by the prison.

Respondent's arguments are without merit.    Petitioner has declared under penalty

of perjury that he placed the unsigned petition in the prison mail system on July 14, 2011,

while he was still in custody, and this is supported by the physical record.    Respondent has

not presented any conclusive evidence to rebut this.    The unsigned petition was returned

for a technicality of being unsigned and this was then timely corrected after being called to

Petitioner's attention, in accordance with Federal Rule of Civil Procedure 11(a).    In sum,

pursuant to the prison mailbox rule, Petitioner's habeas petition is deemed filed on July 14,

2011, when he was still in custody.    *See Thomas v. Thaler*, No. 7:07-CV-177-O, 2011 WL

597024, at *2 (N.D. Tex. 2011); *cf. Guirsch v. Battaglia*, No. 05 C 2696, 2007 WL

4557819, at *1 (N.D. Ill. Dec. 20, 2007) ("The Rules Governing § 2254 Cases, however,

require a clerk to accept a filing even though it lacks a signature.    [Petitioner's] unsigned

petition therefore stopped the running of the statute of limitations and his later-filed, signed

petition related back to date of the timely, unsigned petition.").

## **<u>CONCLUSION</u>**

Accordingly,

**IT IS HEREBY ORDERED** that Respondent shall have 14 days from the date of this Memorandum and Order to file a new response to the Court's Order to Show Cause why Petitioner should not be granted federal habeas relief.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of July, 2014.