# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEMETRICE GOLDSBY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:11CV01268 AGF |
| | ) |
| TERRY RUSSELL, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Missouri state prisoner Demetrice Goldsby for a writ of habeas corpus pursuant to 28 U.S.C. ' 2254. On June 18, 2008, Petitioner pleaded guilty to first-degree child molestation and was thereafter sentenced as a prior and persistent offender to five years' imprisonment. For federal habeas relief, Petitioner claims (1) there was an insufficient factual basis for the state court to accept his guilty plea; (2) Petitioner's plea counsel was constitutionally ineffective for misleading Petitioner about the likely length of his sentence if he pleaded guilty, and not advising him that he would have to complete the Missouri Sex Offender Program ("MOSOP") before being eligible for parole; (3) the plea court lacked jurisdiction to accept Petitioner's guilty plea due to the absence of a factual basis to support the plea; and (4) Petitioner's post-conviction counsel was ineffective for (a) failing to amend Petitioner's post-conviction motion to include a claim that Petitioner's counsel at sentencing was ineffective for not presenting Petitioner's sleep disorder as mitigating evidence at sentencing, and (b) failing to comply with the governing rules and

to verify the post-conviction motion in accordance with state law requirements. For the reasons set forth below, federal habeas relief shall be denied.

## **BACKGROUND**

On July 16, 2006, Petitioner was taken into custody and charged with first-degree child molestation for subjecting the victim, who was less than 14 years old, to sexual contact, in violation of Missouri Revised Statute §566.067. Section 566.067 provides that "[a] person commits the crime of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual contact." Mo. Rev. Stat. § 566.067. Section 566.010(3) defines "sexual contact" as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." Mo. Rev. Stat. § 566.010(3).

Petitioner was held in custody until his guilty plea hearing on June 18, 2008. At the hearing, Petitioner stated that he understood the charge and that his appointed counsel had explained to him the elements of the offense. He stated that he had sufficient time to discuss the charge with counsel, and that counsel had answered all of his questions and that he was satisfied with counsel's services. (Resp. Ex. A at 19-20.)

The prosecutor stated that had the case proceeded to trial, the State would prove beyond a reasonable doubt that,

> on or about July 15, 2006, in the City of St. Louis, State of Missouri, specifically at [victim's address], which is the residence of [Petitioner]'s ex-girlfriend, [name omitted], that [Petitioner] subjected [the victim], who is less than 14 years old, to sexual contact.

> Specifically . . . the victim [name omitted], 13 years old at the time and in 8th grade, reported [Petitioner] touched her on her privates, which is the words she used, over the clothing. She disclosed this to several people.

*Id*. at 19-21.

Petitioner acknowledged to the plea court that he was pleading guilty to the facts articulated by the prosecutor. He told the court that he understood that he was pleading guilty to a Class B felony, which carried a punishment range from 5 to 15 years' incarceration. Petitioner testified that his counsel had explained to him the potential range of punishment prior to the hearing. The State recommended a sentence of seven years and plea counsel stated, "we are asking for five." *Id*. at 21. On June 23, 2008, the court sentenced Petitioner to five years' imprisonment.

**State Post-Conviction Proceedings**

Petitioner sought state post-conviction relief, which was denied by the motion court following an evidentiary hearing held on September 21, 2009. The only two claims raised on appeal from the denial of post-conviction relief were that (1) there was an insufficient factual basis for Petitioner's guilty plea to first-degree child molestation because the prosecutor failed to state that Petitioner's sexual contact with the victim was for the purpose of "arousing or gratifying sexual desire of any person"; and (2) Petitioner's plea counsel was ineffective for failing to inform Petitioner that he had to complete MOSOP before becoming eligible for parole, and misadvising Petitioner that if he pleaded guilty he would serve approximately 45 days in prison due to credit for time served. (Resp. Ex. C.)

On these two claims, Petitioner had testified at the evidentiary hearing before the motion court, that his plea counsel told him that if he were sentenced to five years' imprisonment, he "would be out within approximately 45 days." (Resp. Ex. B at 8.) Petitioner also testified that his plea counsel did not inform him that he would have to complete MOSOP and that the failure to do so would extend his earliest possible release date. Petitioner stated that had plea counsel told him about MOSOP and that he would not be paroled in about 45 days, he would not have pleaded guilty but would have gone to trial. He testified that he was not currently eligible for MOSOP because he was challenging his conviction and sentence, and MOSOP participation required that he admit his guilt. *Id*. at 8-11.

Petitioner's plea counsel testified at the evidentiary hearing that Petitioner's case was one of his first felony cases, but that he was overseen by an experienced public defender throughout the process. He testified that he may have told Petitioner that if the state would drop the child molestation charge for a second-degree assault charge, 45 days incarceration would be a possibility. He then testified that he may have said that if a second degree assault charge were offered by the State, Petitioner would have to serve 40% to 50% of his sentence before being considered for parole, and that Petitioner may have misunderstood that to mean 45 days. But in any event, plea counsel said that he never mentioned 45 days, or 40% to 50% in connection with the child molestation charge.

Plea counsel also stated that his notes from Petitioner's case did not include mention of MOSOP, but that he believed he told Petitioner about MOSOP and that

4

Petitioner would be required to complete the program in order to become eligible for parole. He stated that he did not believe that was something he would not have mentioned, or even been negligent about not mentioning. Also, he pointed to a written comment in his notes, "reminded client that he needed to say the same thing at the plea as in that he's guilty or his parole would likely be delayed." Counsel believed that was a reference to his telling Petitioner that he needed to admit his guilt to the officials at the Department of Corrections or he would have problems getting out on parole. *Id*. at 16-27.

The motion court found that counsel told Petitioner "he should say the same things in the program [MOSOP] as he said in the plea proceeding or he would not be permitted to complete the program and if he did not complete the program his release on parole would be extended." The court also found that counsel never told Petitioner that he would be eligible for parole in 45 days if he pleaded guilty to the molestation charge. (Res. Ex. A at 77-78.) The court concluded that counsel had no duty to inform Petitioner about the need to complete MOSOP to be eligible for parole, but also stated that misadvice about parole eligibility could affect the voluntariness of a guilty plea. Here, however, the court found that Petitioner's plea counsel was a credible witness and that Petitioner was not led to believe he would be eligible for parole in 45 days and was not misled about the MOSOP requirement.

The motion court also rejected Petitioner's claim that there was an insufficient factual basis to support the guilty plea. The court concluded that there was no constitutional requirement for a factual basis to support a guilty plea, and that here the

5

record was "sufficient to demonstrate that [Petitioner] understood the general nature of the crime to which he pleaded guilty." (Resp. Ex. A at 75-83.)

In affirming the motion court's decision, the appellate court determined that there was a sufficient factual basis for Petitioner's plea to the charge of child molestation, including the element that the contact was "for the purpose of arousing or gratifying sexual desire of any person." The court explained that Petitioner admitted to subjecting the victim to sexual contact, and a "reasonable layperson would infer that engaging in sexual contact by touching the privates of a person under the age of fourteen would be for the purposes of arousal and sexual gratification." (Resp. Ex. E at 10.) Furthermore, Petitioner assured the plea court that his plea counsel had informed him of the elements of his offense prior to his guilty plea, and that he had sufficient time to discuss the charge with his plea counsel.

With respect to Petitioner's second argument on appeal, the appellate court held that the motion court's determination that plea counsel was not ineffective was not clearly erroneous, deferring to the motion court's findings that plea counsel was a credible witness and that Petitioner "was not led to believe that he would be eligible for parole after 45 days if he pleaded guilty to the sex charge and [Petitioner] was not misled about the MOSOP requirement." *Id*. at 11.

**Federal Habeas Petition**

In his petition for a writ of habeas corpus, Petitioner raises the four grounds set forth above. Respondent contends that federal habeas relief must be denied with respect to Petitioner's claims that there was an insufficient factual basis to support his guilty plea

and that the plea court therefore lacked jurisdiction to accept his plea, and that his plea counsel was ineffective, because the state courts' adjudication of these claims was legally and factually reasonable. Respondent argues that Petitioner's remaining ground, namely, that his post-conviction relief counsel was ineffective, is not a cognizable claim for federal habeas relief.

## DISCUSSION

**Standard of Review**

Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that application for a writ of habeas corpus cannot be granted unless the state court's adjudication

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

The "contrary to" clause is satisfied if a state court has arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent but arrives at the opposite result. *Strong v. Roper*, 737 F.3d 506, 510 (8th Cir. 2013); *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the

7

Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

"A determination of a factual issue made by a State court shall be presumed to be correct," 28 U.S.C. § 2254(e)(1), and the petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Grass v. Reitz*, 749 F.3d 738, 743 (8th Cir. 2014). A state court's credibility findings are owed this same deference. *Id*. at 744; *Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008) (en banc).

**Factual Basis to Support Petitioner's Guilty Plea**

When "conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also Middleton v. Roper*, 455 F.3d 838, 852 (8th Cir. 2006). "Unless there is a claim of innocence, there is not a federal constitutional requirement that a guilty plea have a factual basis." *Maxie v. Steele*, No. 4:12-CV-1978 NAB, 2014 WL 2863660, at *4 (E.D. Mo. June 24, 2014) (citing *Wabasha v. Solem*, 694 F.2d 155, 157 (8th Cir. 1982)); *Davis v. Russell*, No. 4:08-CV-00138 CDP, 2011 WL 1770932, at *9 (E.D. Mo. May 10, 2011) (same). Here, Petitioner has never alleged that he was innocent of the charged offense.

In *Travis v. Lockhart*, 787 F.2d 409, 410 (8th Cir. 1986) (per curiam), the Eighth Circuit addressed the merits of a factual-basis-of-a-guilty-plea claim as presenting an issue about the knowing and voluntary nature of the plea. In this context,

> [a] state court may not accept a guilty plea unless the defendant enters it voluntarily and with sufficient understanding of the charge and the likely consequences of the plea. For a plea to be voluntary, a defendant must

8

> have knowledge of the law in relation to the facts. It is sufficient if the
> defendant is given notice of the charge or if he in fact knows of and
> understands that charge.

*Maxie*, 2014 WL 2863660, at *4-5 (internal citations omitted).

Here, upon review of the record in this case, the Court finds that any contention by Petitioner that his guilty plea was unknowing and involuntary due to the insufficient factual basis for his plea is without merit. He admitted that he was guilty of the offense and that his attorney explained to him the nature and elements of the crime. A habeas petitioner's representations during the plea-taking "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings." *Ingrassia v. Armontrout*, 902 F.2d 1368, 1370 (8th Cir. 1990) (citations omitted). Petitioner alleges that there was no factual basis for his plea because the prosecutor failed to state that Petitioner's sexual contact with the victim was for the purpose of "arousing or gratifying sexual desire of any person," but this is a state law issue under the circumstances of this case. *See Maxie*, 2014 WL 2863660, at *5.

In sum, to the extent this ground for relief is cognizable in this federal habeas proceeding, the state courts' adjudication of the claim was not contrary to clearly established federal law, nor based on an unreasonable determination of the facts in light of the evidence presented in the state court.

**Assistance of Plea Counsel**

Petitioner's claim that his counsel told him he would be released in 45 days if he pleaded guilty to the molestation charge, and failed to tell him about the requirement to

complete MOSOP to be eligible for early release, implicates Petitioner's constitutional right to the effective assistance of counsel, and the constitutional requirement noted above, that for a guilty plea to be valid, it must be made with sufficient awareness of the likely consequences.

To obtain habeas relief on a claim of ineffective assistance of plea counsel, Petitioner must show that his counsel's performance was deficient, that is, that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that Petitioner would not have pleaded guilty to the charges and would have insisted on going to trial but for that deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Wilcox v. Hopkins*, 249 F.3d 720, 722 (8th Cir. 2001). And to satisfy the voluntariness requirement, the defendant pleading guilty must be fully aware of the direct consequences of the plea. *Brady*, 397 U.S. at 755.

Here, even if plea counsel had an obligation to inform Petitioner about the MOSOP requirement, Petitioner's claim fails. The claim fails because the motion court's determination that Petitioner's counsel's testimony at the evidentiary hearing was credible, and finding that plea counsel did not tell Petitioner he would be released in 45 days, and did, in fact, inform Petitioner of the MOSOP requirement, is not based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." This Court has reviewed the transcript from the evidentiary hearing and finds nothing that contradicts the motion court's finding. *See Twitty v. Russell*, No. 4:10CV1659 RWS, 2013 WL 3091433, at *5 (E.D. Mo. June 18, 2013) (deferring to the post-conviction motion court's credibility determination where the motion court did not

believe the habeas petitioner's testimony that his plea counsel guaranteed he would receive a three-year sentence for an armed criminal action charge and probation on remaining counts).

**Assistance of Post-Conviction Counsel**

Petitioner's last claim lacks merit. As stated above, he asserts that post-conviction counsel was ineffective for (a) failing to amend Petitioner's post-conviction motion to include a claim that Petitioner's counsel at sentencing was ineffective for not presenting Petitioner's sleep disorder as mitigating evidence at sentencing, and (b) failing to comply with the governing rules and to verify the post-conviction motion in accordance with state law requirements. As Respondent argues, ineffective assistance of state post-conviction counsel is not a cognizable claim in federal habeas review because there is no constitutional right to post-conviction relief. *See, e.g., Joseph v. Russell*, 4:11-CV-00326 SNLJ, 2014 WL 1303645, at *4 (E.D. Mo. March 31, 2014). Petitioner is not alleging that the purported ineffective assistance of counsel is cause-and-prejudice to excuse procedural default because none of his habeas claims were procedurally defaulted.

## CONCLUSION

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court=s assessment of Petitioner=s claims for habeas relief debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. ' 2254(d)(2). *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1040 (2003) (standard for issuing a Certificate of Appealability) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED t**hat the petition of Demetrice Goldsby for a writ of habeas corpus relief is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not be issued in this case.

A separate Judgment shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2014.